**Dated: November 4, 2024**

**The following is ORDERED:**



*Paul R. Thomas*
PAUL R. THOMAS
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

IN RE:
**JAMES GREGORY BARRETT,**           Case No. 24-80853-PRT
                                      Chapter 13
        Debtor.

## ORDER TRANSFERRING CASE

Before the Court are the following matters: Order to Show Cause as to why case should not be transferred to the Southern District of California due to previous Order Dismissing Case with Prejudice entered March 13, 2023 in Case No. 23-00137-MM13 (ECF No. 17) with Debtor's Response (ECF No. 27); Motion to Dismiss filed by Chapter 13 Trustee (ECF No. 13) with Debtor's Objection (ECF No. 29); and Motion to Transfer Case filed by Chapter 13 Trustee (ECF No. 15) with Debtor's Objection (ECF No. 28). This Court held a telephonic hearing on these matters on October 31, 2024. Appearances were entered by the Debtor James Gregory Barrett and Standing Chapter 13 Trustee William Mark Bonney. After a review of the Petition, case file, applicable law, and record from the hearing, the Court finds that this case should be transferred to the Southern District of California Bankruptcy Court.

The Debtor filed this case on October 22, 2024. In his petition, he states that he lives at 2570 Sea Urchin Avenue, Salton City, California, 92275, and his mailing address is PO Box 5264, Salton City, California 92275. On Part 1, Question 6, he gives his reason for filing this case in the Eastern District of Oklahoma rather than in the district he has resided in for 180 days before filing his petition: "Principle assets are located withing the jurisdiction of OKEB; Principal place of business is located within the jurisdiction of OKEB."

The Debtor's petition lists 3 prior bankruptcy cases filed in the Southern District of California. In the most recent case, 23-00137-MM13, the court entered an Order Dismissing Case with Prejudice ("Order Dismissing Case")[1], and stated that:

> 2. Debtor is barred from filing another bankruptcy case under any chapter of the Bankruptcy Code for two years preceding the entry of this Order or until the State Court Cases are resolved, whichever is earlier. This filing bar may be extended after a hearing on a properly noticed motion.
> 3. The Clerk is prohibited from accepting any further petitions for filing during this period without further order of the court.
> 4. If this Order is violated, the Court will consider imposing additional sanctions against Debtor.
> 5. The court retains jurisdiction to resolve any proceedings filed in this court involving vexatious litigant issues.

This Order identified two specific cases filed in Imperial County, California State Court as the "State Court Cases" that must be resolved for the filing restriction to be lifted.

The Debtor represented to this Court that the State Court Cases referenced in the Order of Dismissal have been resolved, therefore the filing restrictions imposed in Judge Mann's Order are no longer applicable. However, this Court was presented with court documents from other cases currently pending in the State of California that appear to involve the same real estate that was the subject of the two State Court Cases referenced in the Order of Dismissal. The Debtor argues that

---

[1] Case No. 23-00137-MM13, Order Dismissing Case with Prejudice, entered March 13, 2023 by Judge Margaret M. Mann, ECF. No. 46.

these other cases are not relevant as they are not identified in the Order of Dismissal. The Trustee argues that the other pending cases are included in the spirit of the Order of Dismissal because they involve the same subject matter and property as the State Court Cases; therefore, the Debtor's filing in the Eastern District of Oklahoma violates the Order of Dismissal entered by Judge Mann.

The Debtor also represented to the Court that he currently lives in the Southern District of California, he did so at the date he filed his bankruptcy petition and does not intend to move to Oklahoma until February of 2025. The Debtor explained to this Court that he is a member of Lake Kitty Cassy, LLC, and provided a Certificate from the Oklahoma Secretary of State verifying that Articles of Organization were filed on June 24, 2024. He and his non-filing spouse intend to build lakeside tiny houses on two forested residential parcels located in the Eastern District of Oklahoma once they move to Oklahoma. They are currently purchasing these parcels. They intend to transfer ownership of those properties to the LLC once the homes are built. The Debtor acknowledged that venue is proper in the Southern District of California as well as the Eastern District of Oklahoma since he is currently living in California and did so prior to filing this case. He also acknowledged that it is in this Court's discretion to determine venue. The Trustee believes that venue is not proper in Oklahoma since the Debtor has no habitable establishment on either lot in Oklahoma, and he and his wife reside in California where they are currently involved in litigation regarding real estate ownership in that State.

Section 1408 of title 28 of the United States Code sets forth the appropriate court in which a bankruptcy case should be filed:

> Except as provided in section 1410 of this title, a case under title 11 may be commenced in the district court for the district--
> (1)     in which the domicile, residence, principal place of business in the United States, or principal assets in the United States, of the person or entity that is the subject of such case have been located for the one hundred and eighty days immediately preceding such commencement, or for a longer

portion of such one-hundred-and-eighty-day period than the domicile, residence, or principal place of business, in the United States, or principal assets in the United States, of such person were located in any other district . . . .

Based on the Debtor's admission that he does not reside in the Eastern District of Oklahoma, but that his residence is currently located in the Southern District of California, and he has lived there for at least 180 days prior to filing this case, the Court finds that the case should be transferred to the Southern District of California. Although the Debtor appears to own or be in the process of purchasing real estate in Oklahoma, he has no residence or domicile here. Further, the LLC does not appear to be engaged in any significant activity in Oklahoma at this time as Debtor does not intend to move to Oklahoma and begin construction on the two lots for several months. The Court will make no finding on the status of the State Court Cases identified in the Order of Dismissal or the impact of that Order on this current case. The Court believes that the Southern District of California Bankruptcy Court is the appropriate forum to interpret and enforce the terms of its Order of Dismissal.

IT IS THEREFORE ORDERED that the Motion to Transfer Case filed by Chapter 13 Trustee (ECF No. 15) is **granted,** and this case is hereby transferred to the Bankruptcy Court of the Southern District of California.

IT IS FURTHER ORDERED that the Clerk of the Bankruptcy Court of the Eastern District of Oklahoma shall transmit the record in this proceeding to the Clerk of the Bankruptcy Court of the Southern District of California and file a certificate of such transmission in this proceeding.

IT IS FURTHER ORDERED that the Trustee's Motion to Dismiss is hereby **denied.**

###